**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-2522

_____

CHRISTOPHER JONES,
                                        Appellant

v.

SERVICE ELECTRIC CABLE TV, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5:18-cv-02236)
Honorable Jeffrey L. Schmehl, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 6, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*

(Opinion filed: April 16, 2020)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Chris Jones appeals the District Court's grant of summary judgment in favor of his former employer, Service Electric Cable TV, on his discrimination and retaliation claims under the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA).[1]  For the following reasons, we will affirm in part and reverse in part.

## I.    Discussion[2]

The collective bargaining agreement (CBA) between Jones's union and Service Electric provides three forms of leave: 90 days of leave for an illness that is not work-related or under workers' compensation, indefinite leave for a longer-term illness or disability, and 60 days of unpaid leave of absence with Service Electric's approval.  Jones used 90 days of short-term sick leave, primarily for prostate cancer treatment, and, after returning to work as an installer, injured his back on the job.  Under his doctor's instructions, Jones again went on leave and, when he returned, was reassigned to be a customer service representative (CSR) pursuant to the CBA's short-term sick leave policy.  The day after returning to work, Jones called in his absence and provided a doctor's note that he would not return to work until January 27, 2016 in order to get a back MRI.  In addition to requesting leave until January 27, Jones also requested to work a light-duty position in the Pay Television Department or as a locator.  Service Electric

---

[1] The ADA and PHRA are interpreted consistently, so we address them together. *See McNelis v. Pa. Power & Light Co.*, 867 F.3d 411, 414 (3d Cir. 2017).

[2] The District Court had jurisdiction over Jones's claims under 28 U.S.C. §§ 1331 and 1367(a), and we have jurisdiction under 28 U.S.C. § 1291.

denied these accommodations and, without further dialogue with Jones, fired him on January 25 for not reporting to work after exhausting his 90 days of short-term sick leave.

Jones claims that Service Electric violated the ADA and PHRA in two respects: first, that Service Electric discriminated against him on the basis of his disabilities by failing to provide reasonable accommodations; and second, that it discharged him in retaliation for protected activities, i.e., his prior leave and his request for additional leave. The District Court disagreed and granted summary judgment in Service Electric's favor, concluding (1) Jones's requests for accommodation were unreasonable and (2) there was no evidence Service Electric's reason for discharging him was retaliatory. Reviewing the summary judgment order de novo, we address these issues in turn and will affirm only "if, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 256 (3d Cir. 2017) (internal quotation marks and citation omitted).

A.     Reasonable Accommodation

A prima facie case of disability discrimination requires the plaintiff to establish he "(1) has a disability, (2) is a qualified individual, and (3) has suffered an adverse employment action because of that disability." *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006) (internal quotation marks and citation omitted). For summary judgment purposes, Service Electric does not dispute that Jones's disabilities are related to prostate cancer, back problems, and anxiety, or that his firing was an adverse employment action. The District Court granted summary judgment to Service

3

Electric on the ground that there were no genuine issues of material fact and that on the undisputed record, no reasonable jury could find that Jones was a qualified individual "who, with or without *reasonable accommodation*, can perform the essential functions of that position." *Id.* (emphasis added). Service Electric urges us to affirm, but viewing the evidence in Jones's favor, we disagree for four reasons.

First, Service Electric contends that only the CBA's short-term sick leave provision applies to Jones, so any leave beyond 90 days was per se an unreasonable accommodation. But Service Electric's own General Manager testified that after an employee used 90 days of short-term sick leave, he has the option to (1) "do [his] job," (2) "get a doctor's excuse that shows [he has] some issues, bring it to our attention, and we'll deal with it," or (3) "become a CSR." App. 897. Jones did bring a doctor's note to Service Electric's attention, and there is no evidence that he refused to become a CSR. Thus, even if we look just to Service Electric's short-term leave provision to determine reasonableness, we conclude there are genuine disputes of material fact about whether Jones's request violated those policies.

Second, based on an unduly expansive reading of *Kralik v. Durbin*, 130 F.3d 76 (3d Cir. 1997), Service Electric argues that granting Jones additional leave would require it to violate the CBA, imposing an unreasonable hardship on it. But to establish the accommodation was not reasonable under *Kralik*, Service Electric would have to show "an accommodation to one employee which violates the seniority rights of other employees," *id.* at 83, where that accommodation was made "at the expense of other employees," *Shaner v. Synthes (USA)*, 204 F.3d 494, 506 n.14 (3d Cir. 2000). It fails to

4

make that showing and, indeed, offers no explanation at all how granting Jones additional leave would violate the seniority rights of other employees. Even construing Service Electric's argument as relating to undue hardship, factual issues remain given the CBA provisions for longer-term sick leave in addition to short-term sick leave.

Third, Service Electric urges us to reject Jones's argument that he qualified for additional leave under the provision for indefinite longer-term sick leave because resolving that issue, it contends, would turn on CBA interpretation, which must be settled through the grievance process, not litigation. Its rationales do not find support in Supreme Court precedent or our case law. A CBA waives an employee's right to litigate a statutory discrimination claim only if it "expressly covers both statutory and contractual discrimination claims." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 264 (2009). Jones's CBA does not, so he was not required to file a grievance before or in place of bringing a lawsuit. Service Electric argues that we should follow *Vadino v. A. Valey Engineers*, 903 F.2d 253 (3d Cir. 1990), a Fair Labor Standards Act (FLSA) case, to conclude that Jones's claims belong in labor arbitration rather than federal court. We decline to do so, having recently noted that *Vadino* established a "narrow rule" applied "in only one case" that arbitration may be compelled where there is (1) a FLSA claim that (2) "depends on the disputed interpretation of a CBA provision." *Jones v. Does 1–10*, 857 F.3d 508, 512 (3d Cir. 2017) (citation omitted). Jones's ADA claim meets neither condition.

Fourth, contrary to Service Electric's reading of our case law, we conclude that its failure to engage in interactive dialogue with Jones regarding his request for accommodations has bearing on whether Jones's requests were reasonable. While it is

5

true that "an employer's failure to engage in [an interactive] process," standing alone, will not "amount[] to discrimination." *Hohider v. UPS, Inc.*, 574 F.3d 169, 193 (3d Cir. 2009), we have long held that "[o]nce the employer knows of the disability and the employee's desire for accommodations, . . . the burden [is] on the employer to request additional information that the employer believes it needs." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 315 (3d Cir. 1999). And in *Colwell v. Rite Aid Corp.*, 602 F.3d 495 (3d Cir. 2010), we reiterated that reasonable accommodation in fact "includes the employer's reasonable efforts to assist the employee and to communicate with the employee in good faith." *Id.* at 504 (quoting *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004)).

In sum, there are genuine disputes of material fact regarding whether Jones is a qualified individual who can perform his job with reasonable accommodations. *See Williams*, 380 F.3d at 771. We will therefore reverse the grant of summary judgment on the discrimination claim.

B.     Retaliation

We analyze Jones's circumstantial evidence of retaliation under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Jones bears the initial burden of establishing a prima facie case that "(1) []he engaged in a protected activity, (2) []he suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action." *Carvalho-Grevious*, 851 F.3d at 257. The burden then shifts to

Service Electric to provide a legitimate, non-discriminatory reason for firing Jones. *See id.* The burden shifts back to Jones to provide evidence of pretext. *See id.*

Jones does not dispute that Service Electric met its burden by alleging that it fired him because "he failed to come to work after exhausting all time provided to him under the CBA." App. 12. So we focus our review on whether he established the causal connection element of the prima facie case and presented sufficient evidence of pretext to survive summary judgment. We conclude that Jones met these burdens for the 2016 retaliation claim related to his ADA- and PHRA-protected request for additional leave, but not for the 2015 retaliation claim related to his protected leave for cancer treatment. We address each claim in turn.

*1. The 2016 Claim.* Jones showed that his January 25 termination was causally related to his January 20 request for additional leave. As the District Court recognized, "temporal proximity between the protected activity and the termination [can be itself] sufficient to establish a causal link" if it is "unusually suggestive of retaliatory motive." *Williams*, 380 F.3d at 760 (alteration in original) (citation omitted). Here, "mere days" separated the protected activity and the termination, so we agree with the District Court that Jones demonstrated the requisite causal connection to establish a prima facie case for his 2016 retaliation claim. App. 11–12.

The other burden Jones must carry is showing pretext—i.e., "evidence sufficient to raise the inference that [his] protected activity was the *likely reason* for the adverse [employment] action," *Carvalho-Grevious*, 851 F.3d at 259 (second alteration in original) (internal quotation marks and citation omitted). Several aspects of the record convince us

7

that "an invidious discriminatory reason was more likely than not a motivating or determinative cause" of Service Electric's decision to fire Jones. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994); *accord In re Tribune Media Co.*, 902 F.3d 384, 402 (3d Cir. 2018). For one, the CBA did not restrain Service Electric from granting Jones extra days of leave because, as we have explained, it provided leave separate and distinct from the 90 days of short-term sick leave. For another, Service Electric discharged Jones on January 25, two days before his doctor advised him to return to work, and without any confirmation that Jones did not intend to return then. What's more, the record could leave doubt in a reasonable juror's mind whether Service Electric's termination decision was guided by the CBA or by frustrations that Jones required further leave related to his disabilities. His supervisors testified that Jones's "absenteeism . . . [had] been a nightmare," App. 527, Service Electric was "fed up" with his attendance, App. 928, and the company was figuring out "what to do with" him, App. 495. In light of this showing, we conclude that Jones adduced sufficient evidence of pretext as to his 2016 retaliation claim and thus reverse the grant of summary judgment on this claim.[3]

*2. The 2015 Claim.* We reach a different conclusion on Jones's 2015 retaliation claim because he cannot carry the initial burden of establishing a prima facie case, which requires a causal connection between his August 2015 leave for prostate cancer treatment

---

[3] Because we rest our conclusion on sufficient record evidence that a discriminatory reason was more likely than not a motivating or determinative cause of Jones's firing, we need not also consider whether there were "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions," *Fuentes*, 32 F.3d at 765, in Service Electric's stated reason as an alternative way to show pretext.

and the January 2016 firing.  Where, as here, there is a multi-month gap and "the temporal proximity is not so close as to be unduly suggestive, . . . timing plus other evidence may be an appropriate test."  *Williams*, 380 F.3d at 760 (internal quotation marks and citation omitted).  That other evidence can include "an employer's inconsistent explanation for taking an adverse employment action [or] a pattern of antagonism." *Carvalho-Grevious*, 851 F.3d at 260 (citation omitted).  The summary judgment record does not contain such evidence.  Service Electric repeated at summary judgment the same reason for termination that it had conveyed to Jones in his discharge letter:  "[Y]ou declined the CSR position . . . [and] you have exhausted your sick leave."  App. 1113. And despite any frustrations that Jones's supervisors voiced to one another, Service Electric consistently granted Jones's prior requests for leave, so we discern no pattern of antagonism.  Because Jones cannot meet his burden of establishing the causal element of the prima facie case, we will affirm the District Court's grant of summary judgment on Jones's 2015 retaliation claim.

## II.    Conclusion

For the foregoing reasons, we will reverse the judgment of the District Court on the discrimination claim and the 2016 retaliation claim, affirm the judgment on the 2015 retaliation claim, and remand for proceedings consistent with this opinion.